IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH LEE ROSS, 2ND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-1053 |
| BALTIMORE COUNTY DEPARTMENT OF CORRECTIONS, et al., | * | |
| | * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

Self-represented Plaintiff Kenneth Lee Ross, 2nd, filed the above-captioned civil rights action, pursuant to 42 U.S.C. § 1983, alleging that officers used excessive force against him while he was detained at the Baltimore County Detention Center ("BCDC"). ECF No. 1. Mr. Ross then filed a court-directed Supplemental Complaint, naming the Baltimore County Department of Corrections, Sgt. Fischer, Sgt. Neal, and Officer Randolph as defendants.[1] ECF No. 7.

Pending is a motion to dismiss filed by the Baltimore County Department of Corrections and Officer Randolph. ECF No. 23. Mr. Ross was advised of his right to oppose the motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). He failed to do so, however. No hearing is necessary to address the matters pending. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the motion to dismiss will be granted.

Defendants Sgt. Fischer and Sgt. Neal have filed an Answer to the Complaint, ECF No. 20, and the case will move to discovery as to those defendants. In light of Mr. Ross' incarceration

---

[1] The Clerk shall be directed to amend the docket to reflect the correct names of Defendants Sgt. Christopher Fischer, Sgt. Contoya Neal, and Officer Brianna Randolph, consistent with their filings at ECF Nos. 20 and 23.

and indigency, his ability to participate meaningfully in the discovery process may be limited. Therefore, he will be provided an opportunity to file a motion for appointment of counsel.

## I.     Background[2]

Mr. Ross alleges that on September 29, 2022[3] around 1:30 a.m., he was assaulted by Sgt. Fischer while being escorted to his housing unit.  ECF No. 7 at 3.  Mr. Ross had a verbal dispute with Sgt. Fischer regarding having been strip-searched three times when other inmates were not searched at all.  ECF No. 1 at 2-3.  The search took so long that Mr. Ross' transporting officers, Officer Randolph and an unnamed officer, almost left him.  *Id*. at 3.  He was placed in a holding cell along with other inmates, who inquired about why Sgt. Fischer had an "issue" with him.  *Id*. at 4.  A few minutes later, while returning to his housing unit, Mr. Ross engaged in a verbal altercation with another inmate whose cell they passed.  *Id*.  Sgt. Fischer was behind a desk as Mr. Ross was being escorted along with other inmates.  *Id*.  Mr. Ross turned around to yell something at the inmate, and Sgt. Fischer came toward him, told him to turn around, and started pushing him in his chest.  *Id*.  Mr. Ross first asked what he was doing, and then asked his escorting officers what Sgt. Fischer was doing.  *Id*.  After Sgt. Fischer touched Mr. Ross's chest twice more violently, Mr. Ross placed his hands on his arms to protect himself.  *Id*.  Both of the escort officers were "shocked and didn't know what to do."  *Id*.  Mr. Ross asked the escort officers as well as Sgt. Neal what Sgt. Fischer was doing.  *Id*.  Sgt. Fischer commanded the officers to lift him in the air by his legs, and he was slammed on the right side of his face and head.  *Id*.  While he was being held upside down, Sgt. Fischer sprayed him with mace directed in his mouth, nose and eyes.  *Id*.  Sgt.

---

[2]     Unless otherwise noted, the facts outlined here are those set forth in the Complaint as supplemented and construed in the light most favorable to Mr. Ross.

[3]     Mr. Ross's Supplemental Complaint states that the incident took place on September 30, 2022.  ECF No. 7 at 3.  The discrepancy does not appear to be material.

Fischer then placed his kneecap on the side of Mr. Ross' head and upper ear and was grinding his knee into his face and neck for at least five seconds.  *Id*. at 5.  Sgt. Neal told Mr. Ross to relax so they could let him go, but Mr. Ross stated that he could not relax in the awkward position he was in and instead stayed as still as possible.  *Id*. at 5.  Officer Randolph placed a cuff on his right hand, and Sgt. Fischer placed a cuff on his left hand very tightly.[4]  *Id*.  As they walked away, Sgt. Fischer purposefully guided Mr. Ross' head into the desk.  *Id*.  Sgt. Fischer took Mr. Ross to the changing room to change into a restrictive housing uniform and refused to uncuff him while he changed clothes.  *Id*.  Sgt. Fischer then "ran [him] into every door he could find on the way to medical."  *Id*.  Upon arriving at medical, Sgt. Fischer told the nurse, "'he's good,'" and repeatedly instructed her to give him permission to return Mr. Ross to lockup.  *Id*.  Mr. Ross was able to rinse his face with the cuffs on, but he still had so much mace on him that his sheets turned orange, his skin burned for two weeks, and he suffered migraines.  *Id*.  Mr. Ross believes that his shoulder was knocked out of place during the incident, and he has not been provided proper medical care for his injuries.  *Id*.  Mr. Ross seeks medical treatment for his shoulder injury and compensation for his injuries.  ECF Nos. 1 at 7 and 7 at 5.

## II.     Standard of Review

In reviewing the Complaint, as supplemented, in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed.

---

[4]  In his Supplemental Complaint, Mr. Ross notes that "Officer Randolph . . . was more a witness to Sgt. Fischer's actions."  ECF No. 7 at 4.

3

R. Civ. P. 8(a)(2)); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. at 173; *see Estelle v. Gamble*, 429 U.S. 97 at 102 (1976); *King v. Rubenstein*, 825 F.3d 206 at 218 (4th Cit. 2016). Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103. The Eighth Amendment "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'" *Id.* (citation omitted). Thus, it "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761

(4th Cir. 1996); *cf. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 989 U.S. 189, 199-200 (1989) (stating that when a state holds a person "against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"); *John Doe 4 v. Shenandoah Valley Juvenile Center Comm'n*, 985 F.3d 327, 338-39 (4th Cir. 2021).

The Fourth Circuit has determined that "not all Eighth Amendment violations are the same; while some constitute 'deliberate indifference' others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). Whether a prison official used excessive force is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1 at 6-7 (1992). The court must look at the necessity for the application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley*, 475 U.S. at 321. The absence of significant injury, alone, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). While the extent of injury incurred is one factor in determining the necessity of force in a particular situation, if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell* 441 U.S. at 545; *see also Patten v. Nichols,* 274 F.3d 829, 834 (4th Cir. 2001). A pretrial detainee's claim of cruel and unusual punishment arises under the Fourteenth Amendment, but courts "have traditionally looked to Eighth Amendment precedents in considering a Fourteenth Amendment claim of deliberate indifference . . ." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).

5

The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." __ U.S. __, 135 S. Ct. 2466, 2473 (2015).  It is enough that a pretrial detainee shows that the "force purposely or knowingly used against him was objectively unreasonable," *id.*, regardless of an officer's state of mind, *id.* at 2472 (cited in *Dilwworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016)).  Pursuant to *Kingsley,* this court must consider whether under the "facts and circumstances" of a particular case, and from the "perspective of a reasonable officer on the scene," the force used against a plaintiff was objectively excessive. *Kingsley* at 2473.

Neither party specifies whether Mr. Ross was a pretrial detainee or serving a sentence following a conviction at the time of the incident.  A search of the Maryland Judiciary Case Search suggests that Mr. Ross was likely a pretrial detainee at the time of the incident as he has a felony case in the Circuit Court for Baltimore County that was filed but had not yet been resolved as of the date of the incident.  *See* https://casesearch.courts.state.md.us/casesearch/ (last visited January 6, 2025).  Therefore, any force used against him was unconstitutional if it was objectively excessive based on the facts and circumstances of his case from the perspective of a reasonable officer.  *See*, *Kingsley* at 2473.

### A. Baltimore County Department of Corrections

Defendant Baltimore County Department of Corrections argues that the Complaint should be dismissed against it because it is not a legal entity subject to being sued.  Maryland law determines whether an entity possesses the legal capacity to be sued.  *See Chrysler Credit Corp. v. Superior Dodge, Inc.*, 538 F.2d 616, 617-18 (4th Cir. 1976).  The Baltimore County Department of Corrections is a department within Baltimore County and not a separate entity subject to suit. *See Farmer v. Baltimore Cnty. Dep't of Corr.*, Case No. CCB-11-2126, 2012 WL 3155650 (D. Md. July 31, 2012) (citing *County Council for Montgomery County v. Supervisor of Assessments*

*of Montgomery County*, 274 Md. 116, 123 (1975) and *Ashburn v. Anne Arundel County*, 306 Md. 617, 620 (1986) (observing that the circuit court found "Anne Arundel County Police Department was not a separate legal entity" subject to suit.)).  Accordingly, the suit shall be dismissed as to Baltimore County Department of Corrections as it is not an entity that can be sued.  *See also Borkowski v. Baltimore Cnty., Maryland*, 414 F. Supp. 3d 788, 804 (D. Md. 2019) (dismissing the Baltimore County Police Department as a defendant because it is not sui juris and is merely an agency of Baltimore County) (citing *James v. Frederick Cnty. Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (internal citations omitted)).

### B.  Officer Brianna Randolph

Defendant Randolph argues that the Complaint against her should be dismissed because Mr. Ross does not state a claim that she violated his constitutional rights, and he states in his Supplemental Complaint that she was a witness to the alleged constitutional violation rather than a perpetrator.  ECF No. 23-1 at 3-4.  Defendant Randolph argues that Plaintiff has not stated facts sufficient to allege "bystander liability."  As noted above, Mr. Ross has not responded to the motion to dismiss.  In the Complaint, Mr. Ross identifies Officer Randolph as one of the transporting officers; he does not allege that she or any transporting officer took part in any assault.  ECF No. 1 at 3.  Liberally construed, the Complaint could be read to suggest that Officer Randolph failed to protect Mr. Ross from the assault as she was present during some of the events.  In his Supplement to the Complaint, however, Mr. Ross states that "Officer Randolph I feel was more of a witness to Sgt. Fischer's actions along with Sgt. Neal."  ECF No. 7 at 4.  Based on the limited factual allegations against Officer Randolph together with Mr. Ross' statement that she was a witness, it is clear that Mr. Ross did not intend to claim that Officer Randoph personally participated in the assault or failed to protect him from it.  Furthermore, he does not allege facts

that would support an allegation that she violated his constitutional rights. Therefore, Officer Randolph's Motion to Dismiss will be granted.

## Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Baltimore County Department of Corrections and Officer Randolph is granted. Mr. Ross is granted 21 days within which to file a motion for appointment of counsel to represent him as the case moves forward against Defendants Fischer and Neal.

A separate Order follows.

<u>January 7, 2025</u>     /s/
Date     DEBORAH K. CHASANOW
     United States District Judge